# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

SAMI—SYSTEMATIC ANALYSIS  
MANAGEMENT, INC., *

    Plaintiff, *

                                    Civil Case No. RDB-19-2904

    v. *

OMNIVERE ACQUISITIONS, *  
LLC, *et al.*,

                                    *

    Defendants.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

This case arises from a Master Services Agreement ("MSA") between Plaintiff SAMi—Systematic Analysis Management, Inc. ("Plaintiff" or "SAMi") and Defendant Old OMV Co., LLC ("Old Omnivere"). Under the MSA, SAMi provided technology consulting services to Old Omnivere. SAMi alleges that it performed these services even after it stopped receiving payment. In this lawsuit, SAMi seeks to recover amounts owed under the MSA from Old Omnivere, as well as from Omnivere Acquisitions, LLC ("Omnivere Acquisitions")—the entity which allegedly purchased "essentially all" of Old Omnivere's assets in December 2018—and Driven, Inc. ("Driven")—the entity which owns Omnivere Acquisitions (collectively, the "Defendants").

SAMi's Complaint brings five Counts: Breach of Contract (Count I); Unjust Enrichment (Count II); Common Law Unfair Competition (Count III); Tortious Interference with Business Relations (Count IV); and Account Stated (Count V). In addition to monetary relief, SAMi requests an injunction "barring the Defendants from further tortious conduct, and requiring specific performance of the Agreement, as well as enjoining the Defendants

from removing, transferring, alienating, pledging, or otherwise impairing any assets in which Plaintiff has a direct or indirect interest, pending a final adjudication of the case." (Compl. 12, ECF No. 1.)

Now pending is a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(3) filed by Defendants Driven and Omnivere Acquisitions. This Court has reviewed the parties' submissions and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). Venue is improper in this district because the Defendants are not located in Maryland and Plaintiff has not alleged, much less established, that any actions giving rise to this lawsuit took place in Maryland. The Master Services Agreement at the heart of this lawsuit contains a venue clause pursuant to which Plaintiff consented to suit in a state or federal court located in Cook County, Illinois. Accordingly, this Court exercises its discretion to transfer this case to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1406(a). Defendants' Motion to Dismiss (ECF No. 9) is DENIED IN PART. Specifically, Defendants' Motion to Dismiss based on Fed. R. Civ. P. 12(b)(3) is DENIED. The Motion to Dismiss based on Fed. R. Civ. P. 12(b)(6) remains pending.

**BACKGROUND**

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). The Court may consider only such sources outside the complaint that are, in effect, deemed to be part of the complaint, for example, documents

incorporated into the complaint by reference and matters of which a court may take judicial notice. *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

Plaintiff SAMi is a small IT consulting company with a single office in Frederick, Maryland. (Compl. ¶ 7, ECF No. 1.) On July 20, 2015, Old Omnivere and SAMi entered into a Master Services Agreement ("MSA"), pursuant to which SAMi would provide consulting services related to monitoring and preserving the legacy Maryland Health Insurance Exchange System for use by Old Omnivere's clients, the State of Maryland and Saul Ewing Arnstein & Lehr LLP, in unrelated litigation. (*Id.* ¶¶ 8-9; Master Services Agreement ("MSA"), Compl. Ex. A, ECF No. 1-1.) As the MSA expressly provided, the parties entered into Statements of Work ("SOWs") which specified the scope of the work SAMi was to perform and the compensation it was to receive. (Compl. ¶ 10.) The Statements of Work, which are attached to the Complaint, expressly indicate that all of SAMi's work was to take place in Fargo, North Dakota. (ECF No. 1-1 at 18, 23.)

SAMi performed work under the Master Services Agreement for several years. (*Id.* ¶ 12.) Each month, SAMi submitted invoices to the Defendants for its work. (*Id.*) Although payments on these invoices ceased as of May 2018, SAMi continued to perform work until February 2019. (*Id.* ¶¶ 12-13.) SAMi alleges that its outstanding invoices total $261,000.00. (*Id.* ¶ 14.)

In December 2018, while SAMi was performing work without compensation, Omnivere Acquisitions purchased "essentially all" of Old Omnivere's assets. (*Id.* ¶ 15.) SAMi alleges that Omnivere Acquisitions, which is owned by Defendant Driven, continued Old Omnivere's operations under the name "Omnivere A Driven Company." (*Id.* ¶¶ 15-17.) The

3

new entity did not inform SAMi of any changes to the terms of their agreement or give SAMi any reason to believe that it had withdrawn from the agreement. (*Id.* ¶¶ 17-19.)

In February and March 2019, SAMi made repeated demands to Driven for payment. (*Id.* ¶¶ 20-24.) Driven management responded by extending an offer of employment to one of SAMi's consultants to work on the legacy Maryland Health Insurance Exchange system. (*Id.*; Compl. Ex. F, ECF No. 1-6.) Driven's Chief Financial Officer allegedly pressured SAMi's founder not to engage in further efforts to obtain payment, threatening that SAMi's consultants would suffer unless SAMi allowed Driven to take over its business. (Compl. ¶ 26.)

On May 14, 2019, SAMi filed suit against Driven and Omnivere, LLC in this Court. *Systematic Analysis Management, Inc. v. Driven, Inc.*, JKB-19-1416 (D. Md. May 14, 2019), ECF No. 1. On September 24, 2019, Chief Judge James K. Bredar of this Court dismissed the action because SAMi's corporate charter was in forfeiture at the time it filed its Complaint. *Systematic Analysis Management, Inc. v. Driven, Inc.*, JKB-19-1416 (D. Md. Sept. 24, 2019), ECF No. 24. As Judge Bredar indicated in his Memorandum, SAMi has since revived its corporate charter. *Id.*

On October 2, 2019, SAMi commenced this lawsuit against Old OMV Co., LLC, Omnivere Acquisitions, LLC, and Driven, Inc. SAMi's Complaint brings five Counts: Breach of Contract (Count I); Unjust Enrichment (Count II); Common Law Unfair Competition (Count III); Tortious Interference with Business Relations (Count IV); and Account Stated (Count V). In addition to monetary relief, SAMi requests an injunction "barring the Defendants from further tortious conduct, and requiring specific performance of the Agreement, as well as enjoining the Defendants from removing, transferring, alienating,

4

pledging, or otherwise impairing any assets in which Plaintiff has a direct or indirect interest, pending a final adjudication of the case." (*Id.* at 12.) On October 24, 2019, Driven, Inc. and Omnivere Acquisitions, LLC moved to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(3) and 12(b)(6).

## STANDARD OF REVIEW

### I. Motion to Dismiss Pursuant to Rule 12(b)(3)

Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, a court may dismiss a case for improper venue. Fed. R. Civ. P. 12(b)(3). "In this circuit, when venue is challenged by a motion to dismiss, the plaintiff bears the burden of establishing that venue is proper." *Jones v. Koons Automotive, Inc.*, 752 F. Supp. 2d 670, 679-80 (D. Md. 2010) (citing *Gov't of Egypt Procurement Office v. M/V ROBERT E. LEE*, 216 F. Supp. 2d 468, 471 (D. Md. 2002)). Like a motion to dismiss for lack of personal jurisdiction, "in deciding a motion to dismiss [for improper venue], all inferences must be drawn in favor of the plaintiff, and 'the facts must be viewed as the plaintiff most strongly can plead them.'" *Three M Enters., Inc. v. Tex. D.A.Ar. Enters., Inc.*, 368 F. Supp. 2d 450, 454 (D. Md. 2005) (quoting *Sun Dun, Inc. of Washington v. Coca-Cola Co.*, 740 F. Supp. 381, 385 (D. Md. 2005)).

### II. Motion to Dismiss Pursuant to Rule 12(b)(6)

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. The

purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

The Supreme Court's recent opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "require that complaints in civil actions be alleged with greater specificity than previously was required." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted). In *Twombly*, the Supreme Court articulated "[t]wo working principles" that courts must employ when ruling on Rule 12(b)(6) motions to dismiss. *Iqbal*, 556 U.S. at 678. First, while a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Id.* (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim); *see also Wag More Dogs, LLC v. Cozart*, 680 F.3d 359, 365 (4th Cir. 2012) ("Although we are constrained to take the facts in the light most favorable to the plaintiff, we need not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." (internal quotation marks omitted)). Second, a complaint must be dismissed if it does not allege "a plausible claim for relief." *Iqbal*, 556 U.S. at 679.

## ANALYSIS

Defendants Driven and Omnivere Acquisitions seek dismissal of Plaintiff's Complaint in its entirety for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. As an alternative, they seek dismissal for improper venue under Rule 12(b)(3), arguing that (1) the venue clause contained in the Master Services Agreement ("MSA")

requires this case to be filed in Cook County, Illinois; and (2) venue is improper under 28 U.S.C. § 1391 because the Defendants are not located in Maryland and SAMi has failed to allege that any actions pertinent to this suit took place in Maryland. Plaintiff responds that (1) the venue selection clause is ambiguous and does not apply to this case; and (2) venue is otherwise appropriate under § 1391 because it was performing services which benefitted the State of Maryland and Defendants allegedly failed to remit payment to SAMi, which is located in Maryland. (ECF No. 12 at 17.) Should this Court determine that venue is improper, Plaintiff requests that this Court transfer this case under 28 U.S.C. § 1406(a), rather than dismiss it.

When confronted with a motion to dismiss based on both the failure to state a claim and improper venue, this Court must first resolve the venue question. *Johnson v. Helicopter & Airplane Servs., Corp.*, 389 F. Supp. 509, 518 (D. Md. 1974) (citing *Arrowsmith v. United Press Int'l*, 320 F.2d 219, 221 (2d Cir. 1963)). This conclusion flows both from logic and from the statutory text of 28 U.S.C. § 1406(a), which states that a district court "in which is filed a case laying venue in the wrong division or district *shall* dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *Id.* (emphasis added); *see also Glendora v. Anderson*, 55 F. App'x 470, 471 (9th Cir. 2003) (holding that "the merits may only be decided by a court with jurisdiction and venue" with citation to § 1406(a)); *Joyner v. Reno*, 466 F. Supp. 2d 31, 40 (D.D.C. 2006) (citing § 1406(a) for the proposition that "a court has no discretion to reach the merits of a case in which venue is improper and an objection to venue has been properly raised; the case must either be dismissed or transferred to a proper venue.").

7

The United States Supreme Court has held that a forum selection clause alone cannot render venue wrong or improper within the meaning of § 1406(a) or Fed. R. Civ. P 12(b)(3). *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 55-57, 134 S. Ct. 568 (2013). This holding also applies to venue clauses like the one at issue in this case. *Wall v. Corona Capital, LLC*, 756 F. App'x 188, 191 (3d Cir. 2018), *as amended on denial of reh'g* (Dec. 28, 2018); *see also WCC Cable, Inc. v. G4S Tech. LLC,* 5:17-CV-00052, 2017 WL 6503142 (W.D. Va. Dec. 15, 2017) (applying the holding of *Atlantic Marine* to a similar provision).

To determine whether venue is proper, the Court must turn to 28 U.S.C. § 1391(b). *Atl Marine*, 571 U.S. at 55, 134 S. Ct. 568. Pursuant to § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Venue is not proper in this district under any of these provisions. Venue is improper under § 1391(b)(1) because none of the Defendants are alleged to reside in Maryland. The Complaint alleges that "Driven is a Virginia corporation," Omnivere Acquisitions "is a Delaware corporation," and "Old Omnivere is a Virginia corporation." (Compl. ¶¶ 2-4.) Section 1391(b)(2) is also inapplicable. The Complaint does not allege that any actions took place in Maryland. To the contrary, the Statements of Work attached to the Complaint

8

indicate that SAMi's work was conducted in an offsite server farm located in Fargo, North Dakota and that "any work on the [Maryland Health Insurance Exchange System] will be performed . . . in Fargo." (ECF No. 1-1 at 18, 23.) Section 1391(b)(3) is likewise inapposite, as the case may be brought in another district. Accordingly, venue is improper in this district.

Plaintiff asks this Court to transfer this action pursuant to 28 U.S.C. § 1406(a), rather than dismiss it. "'Whether a transfer would be in the interest of justice' is 'committed to the discretion of the trial court.'" *Cranford v. Tennessee Steel Haulers, Inc.*, ELH-17-2768, 2018 WL 3496428, at *10 (D. Md. July 20, 2018) (citing *Sewell v. Commodity Futures Trading Comm'n*, PX-16-2457, 2017 WL 1196614, at *4 (D. Md. Mar. 31, 2017)). "[T]he Fourth Circuit has adopted a reading of section 1406(a) authorizing transfer 'for any reason which constitutes an impediment to a decision on the merits in the transferor district but would not be an impediment in the transferee district.'" *Estate of Bank v. Swiss Valley Farms Co.*, 286 F. Supp. 2d 514, 522 (D. Md. 2003) (quoting *Porter v. Groat*, 840 F.2d 255, 258 (4th Cir. 1988)).

Transfer, not dismissal, is appropriate. The venue clause contained in the MSA indicates that this case should be filed in a court located in Cook County, Illinois. Accordingly, this matter will be transferred to the United States District Court for the Northern District of Illinois. Once this case is transferred there, any impediment to a decision on the merits would be removed. The pertinent provision of the MSA reads as follows:

> The venue for any action or claim at law or in equity hereunder shall be exclusively in and with a court located in Cook County, Illinois, and the Parties irrevocably consent to the exclusive personal jurisdiction of such federal or state courts. The Parties further agree and hereby consent to, and waive all defenses of lack of personal jurisdiction and forum non conveniens with respect to venue and jurisdiction in Cook County, Illinois. Notwithstanding anything to the contrary any party may seek preliminary or permanent injunctive relief or restraining order arising out of or related to this Agreement from any court of

competent jurisdiction, which rights and remedies shall be cumulative and in addition to any other rights or remedies at law or in equity to which any Party may be entitled.

(MSA § 11.11.)

This language unambiguously requires this matter to be litigated "exclusively" in Cook County, Illinois. The validity of the clause is not disputed. Plaintiff SAMi and Defendant Old Omnivere are allegedly parties to the MSA. As SAMi now seeks to pursue "any action or claim at law or in equity" under the MSA, it must do so in "a court located in Cook County, Illinois." (*Id.*) Under the terms of the MSA, SAMi and Old Omnivere have waived any objection to suit in Cook County, Illinois based on personal jurisdiction or venue. The provision's carve-out for injunctive relief does not foreclose this conclusion, as SAMi also seeks monetary relief.

Defendants Omnivere Acquisitions and Driven can have no objection to this forum, as they have conceded that "SAMi could have chosen to refile the lawsuit . . . in N.D.Ill. (pursuant to the MSA's venue clause)." (ECF No. 13 at 13.) Any objection to the Northern District of Illinois would be meritless at this juncture, as Omnivere Acquisitions and Driven are alleged to have benefitted from the contract between SAMi and Old Omnivere. *See Allstate Indem. Co. v. Overturf*, GJH-14-0466, 2015 WL 1279194, at *4 (D. Md. 2015) (explaining that a forum selection clause may be enforced against non-parties to a contract whose conduct is "closely related to the contractual relationship" (quoting *Sabre Int'l Sec. v. Torres Advanced Enter. Sols., LLC,* 60 F. Supp. 3d 21, 33 (D.D.C. 2014)). Accordingly, this case will be transferred to

the United States District Court for the Northern District of Illinois—a federal court located in Cook County, Illinois.[1]

## CONCLUSION

The Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(3) filed by Defendants Driven, Inc. and Omnivere Acquisitions, LLC (ECF No. 9) is DENIED IN PART. Specifically, Defendants' Motion to Dismiss based on Fed. R. Civ. P. 12(b)(3) is DENIED. The Motion to Dismiss based on Fed. R. Civ. P. 12(b)(6) remains pending. This Court exercises its discretion to transfer this case to the United States District Court for the Northern District of Illinois pursuant to 28 U.S.C. § 1406(a).

A separate Order follows.

Dated: April 14, 2020

                                                                                 /s/
                                                              Richard D. Bennett
                                                              United States District Judge

---

[1] This Court may reach the same result by construing the Plaintiff's transfer request under 28 U.S.C. § 1404(a), which "permits transfer to any district where venue is also proper . . . or to any other district to which the parties have agreed by contract or stipulation." *Atl. Marine*, 571 U.S. at 59-60, 134 S. Ct. 568.